IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| POLARIS HOME FUNDING CORP., | : | Case No. 1:25-cv-385 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| STEVE ELLIS, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the parties' Joint Motion for Entry of Agreed Injunction (Doc. 48). For the following reasons, the Court **GRANTS** this Motion (Doc. 48) and **DENIES AS MOOT** Plaintiff's prior Motion for Preliminary Injunction (Doc. 40).

Plaintiff Polaris Home Funding Corporation brings an array of claims against three former employees—Steve Ellis, Charles Kearney, and Bret Sibert ("Individual Defendants"—as well as American Pacific Mortgage Corporation. (Am. Compl., Doc. 33, ¶¶ 1, 124-260.) Among other things, Plaintiff alleges that the Individual Defendants resigned and then proceeded to misappropriate Plaintiff's confidential information and trade secrets in order to solicit former customers on behalf of their new employer. (*Id.* at ¶¶ 47, 68, 81, 128, 136; Motion for Preliminary Injunction, Doc. 41, Pg. ID 732.)

The parties have jointly agreed to the injunction below, which resolves Plaintiff's prior Motion for Preliminary Injunction (Doc. 40) in its entirety. Upon review of the Joint Motion for Entry of Agreed Injunction (Doc. 48), Plaintiff's Motion for Preliminary

Injunction (Docs. 40, 41), and the record, the Court finds it appropriate to enter the injunction. Specifically, the Court has considered the four-factored standard and grants the requested relief. *See J.P. Morgan Sec. LLC v. Kittell*, 554 F. Supp. 3d 895, 899 (W.D. Ky. 2021) (walking through the four factors in light of the parties' proposed stipulated entry for injunctive relief). First, for present purposes, Plaintiff raises a likelihood of success on the merits in relation to the requested injunctive relief. (*See* Motion for Preliminary Injunction, Doc. 41, Pg. ID 739-48.) Second, courts have found the loss of goodwill from existing and former customers—as well as the loss of fair competition—to constitute irreparable harm. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992); *Kelly Servs., Inc. v. Noretto*, 495 F. Supp. 2d 645, 659 (E.D. Mich. 2007). Third, as Defendants have stipulated to this injunction, there is little harm to others. Fourth, the public interest is served by ensuring fair competition in business. *ALTA Analytics, Inc. v. Muuss*, 75 F. Supp. 2d 773, 786 (S.D. Ohio 1999).

Accordingly, upon review of the record and the joint request of the parties, the Court hereby **ENTERS** the following injunction:

1. Until June 30, 2026, Steve Ellis and Charles "Bo" Kearney shall not, directly or indirectly, solicit,[1] divert (or attempt to solicit or divert), begin the loan application process, or close loans for any customer of Polaris for whom Ellis and/or Kearney first originated a mortgage between July 2022 and April 2025. If Ellis and Kearney

---

[1] "Solicit" shall not include mass electronic or U.S. postal mailings, but Ellis and Kearney agree not to begin the loan application process for customers identified in this paragraph even if customers contact Ellis and Kearney as a result of mass marketing.

come in contact with such a customer of Polaris, they shall decline their business.

2. Ellis, Kearney, and Bret Sibert shall immediately return to Polaris all copies of Polaris' confidential or trade secret information that remain in their possession, custody, or control, including all information that belonged to Polaris relating to customers of Polaris. Ellis, Kearney, and Sibert shall not use or disclose such information for any other purpose and, upon returning the information to Polaris, shall permanently destroy or delete all records, whether electronic or otherwise, containing such information.

3. Until June 30, 2026, Ellis and Kearney shall not, directly or indirectly, employ or seek to employ any person who is employed by Polaris or induce such persons to leave their employment with Polaris.

4. At the end of the term of this Agreed Injunction, assuming no showing of non-compliance, this injunction shall automatically end, and no restrictions shall remain on Defendants' ability to solicit current or prospective customers.

5. The Parties agree and stipulate that this Agreed Injunction does not resolve any causes of action in this case for monetary relief but, instead, only resolves the issues related to a preliminary injunction for Defendants Ellis, Kearney, and Sibert's alleged violations of the Agreements. Likewise, this Agreed Injunction does not resolve Defendants' counterclaims and/or arguments relating to commission payments.

6. The Parties agree that this Court has subject matter and personal jurisdiction in the Lawsuit, including jurisdiction to enter this Agreed Injunction and enforce its

terms.

7. The Court shall retain jurisdiction to enforce the terms of this Agreed Injunction.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND